## JAFFREY vs. MONT VERNON.

The authority to warn out individuals to prevent their gaining a residence in a town is left solely to the discretion of the selectmen, and the exercise of this power is in the nature of a judicial act, and cannot be deputed to others.

Where the selectmen issued a warrant directing certain individuals to be warned out of town, and gave instructions to the constable to add to the warrant such other names as he thought proper, *held* that the warning was invalid so far as such names were added by the mere discretion of the officer.

The time of residence of a pauper within a town previous to his being warned out, must be clearly shown, either by the warrant or return, otherwise the warning is void.

ASSUMPSIT for the support of Robert H. Wilkins, a pauper, alleged to have his settlement in Mont Vernon.

The cause was tried upon the general issue, and a verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the following case.

The pauper has the settlement of his father, Jonathan Wilkins, who was legally settled in Mont Vernon previously to the year 1794. Sometime previous to the 6th of March in that year, Jonathan Wilkins moved to Peterborough, in this state, and resided there more than a year.

The plaintiff gave in evidence a warrant which was directed to William Robbe, Jun., constable of Peterborough, and was as follows :—

" Whereas the following persons, not inhabitants of said ' Peterborough, have within ten months last past come to ' reside in said town, namely, Dorothy Fisk, Levi Fisk, ' Moses Wheaten, Sally Kennesy, Mary Davis, Thomas ' Hale and Nancy his wife, Sally Colburn, Betsey Good- ' ridge, Theresa Stinson ; and whereas they or either of them ' have not been orderly admitted by said town of Peterbo- ' rough, or by the selectmen thereof, and have not been ' approved by them, you are hereby required forthwith to ' warn the above named persons and every of them to depart

' from the town of Peterborough within fourteen days, and ' make due return of this warrant to the Court of General ' Sessions of the Peace for said county of Hillsborough as ' soon as may conveniently be done ;" which warrant was signed by the selectmen.

On the back of the same was the following memorandum and return, in the hand writing of the constable.

" Joel Saunders from Dublin, Jonathan Wilkins and Het- ' ty Wilkins his wife, Lucy Wilkins and Jonathan Wilkins, ' their children, from Dublin, John Blanchard from Andover, ' to depart this town as the law directs."

" Hillsborough, March 6, 179–.   By virtue of the within ' warrant I have warned the above named Jonathan Wilkins, ' Hitty Wilkins his wife, and Lucy Wilkins and Jonathan ' Wilkins, their children, and John Blanchard, all on the ' back side of this warrant, to depart this town as the law ' directs.             WM. ROBBE, Jr.,
                    Constable for Peterborough."

It did not appear that there was any endorsement on the warrant when it was delivered to the constable.    But one of the selectmen who signed the warrant testified that the constable was authorized to add any names of persons to be warned, which he might think proper.

And it was agreed by the parties, that if the said warrant and endorsement show that the said Jonathan Wilkins was legally warned from Peterborough, the verdict should stand. But otherwise, it should be set aside, and the plaintiffs become nonsuit.

*Parker* and *Hale*, for the plaintiff.

*Handerson*, for the defendant.

UPHAM, J.    The pauper for whose support the expenses were incurred in this case, derives his settlement from his father, Jonathan Wilkins, whose original settlement was in

Mont Vernon, and the only question the case presents is, whether said Wilkins retained his settlement in that town, or acquired a new one for himself and family by a residence in the town of Peterborough.

This depends upon the validity of a warning and return served upon him while a resident in Peterborough.

The warning was in 1794, and the statute then in force in relation to this subject was passed February 15, 1791. This statute provides, "that every person who hath lived 'one year in any town or place, shall be deemed an inhabi-'tant of such town or place, unless some time within such 'year, and before the expiration thereof, such person shall 'have been by warrant from the selectmen of such town or 'place, directed to any constable thereof, or other person to 'whom they may think proper to direct the same, warned 'to depart from such town or place, and the said warrant, 'and the return of such warning made by the person to 'whom directed, within the time aforesaid, returned to the 'clerk of the Court of General Sessions of the Peace of the 'same county, which shall be put on file by the clerk, and 'a minute made of the time of receiving the same." *N. H. Laws* 356 ; *ed.* 1815.

The principal objection taken to the warrant is, that there was no specific action of the selectmen relative to Jonathan Wilkins; and it is clear from the case, that the warrant is manifestly bad, unless a general warrant to the constable to warn out any body he thinks proper, is good.

The process of warning individuals to leave town, in order to prevent their gaining a settlement, is analogous to the English practice of orders of removal, by justices of the sessions. The design in both cases is to impose the burthen of maintainance on the town or parish where the pauper has his legal settlement. The mode of warning out is a milder form merely of effecting this object.

The construction given to the English statutes on this subject is, that "no one can disturb an individual who

' comes into a parish to reside, but those who have authority ' to do so as officers of the parish. A complaint from one ' who is not concerned *ex officio*, is to be disregarded ; it may ' be the parish are willing to keep him." *Weston Rivers* vs. *St. Peters*, 2 *Salk.* 492. And the action of the justices granting an order of removal, is holden to be a judicial act, requiring the mutual concurrence of two or more justices. *Oakham* vs. *Whittlesea*, 11 *Mod.* 171 ; *Rex* vs. *Slanwinio*, 4 *D. & E.* 473.

The power to warn out new settlers in any town was not designed to operate as a general act of exclusion against all who might come within the bounds of any town to reside, but was placed in the hands of the selectmen to be exercised or not, in peculiar circumstances, according to their discretion. This discretion they have no right to depute to any third person to exercise for them, and the warrant must be the direct act of the selectmen, and be specific in its character.

It is perfectly competent, therefore, for the defendant in this case to contend that there is no evidence of any action of the selectmen relative to the warning out of Jonathan Wilkins from Peterborough ; that they never took his case into consideration, and that the attempt to warn out was unauthorized and void. In the case, *Peterborough* vs. *Temple*, 2 *N. H. R.* 400, it was holden that the warrant under this statute, signed by the town clerk, by order of the selectmen, was a sufficient warrant ; and it had previously been holden that a warrant not under seal was sufficient, but no case can be found sustaining general instructions to an officer to warn out individuals at his discretion.

There is another fatal objection to this warning. The statute requires, that to prevent individuals who come to reside within any town from gaining a settlement, they must be warned to leave town within the year from which they commenced their residence ; and the term of residence should be stated, either in the warrant or the officer's return. *Loudon* vs. *Deering*, 1 *N. H. R.* 13.

The selectmen, in drawing their warrant, specified the term of residence of certain individuals named by them, but they had no action upon the case of Jonathan Wilkins; and when his name was endorsed upon the back of the warrant by the officer, it does not appear that he undertook to determine the time of his residence; and it cannot be left as a mere matter of implication, to come within the time named by the selectmen as to the other paupers. The time of the previous residence must be clearly shown in some manner; and as this was not done in this case, there is no evidence that the warning out was seasonably made. There is also a defective date affixed to the return of service by the officer, which must in some way be supplied before it can avail to sustain a legal warning. For these reasons, the residence of Wilkins must be regarded as in Peterborough, and agreeably to the case as drawn, the verdict for the plaintiff must be set aside, and a

*Nonsuit entered.*